UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED   -PSO-

05 NOV 18  AM 11: 05

U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

---

DARRYL GILLIAM, 01-A-1478,

        Plaintiff,

    -v-

Commissioner GLENN S. GOORD,
OFFICE OF MENTAL HEALTH
ALBANY MEDICAL CENTER, and
Sergeant HOWARTH,

        Defendants.

---

DECISION AND ORDER
05-CV-6429P

## INTRODUCTION

Plaintiff Darryl Gilliam, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 2). He has requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 6). Plaintiff claims that the defendants, Commissioner Glenn S. Goord, Office of Mental Health, Albany Medical Center, and Sergeant Howarth, violated his Eighth Amendment constitutional rights by employing excessive force and denying him medical care. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and unless plaintiff files an amended complaint as directed below, some claims will go forward, but the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

In his first claim, plaintiff alleges that on February 20, 2005 Sergeant Howarth began assaulting him by hitting him on the back of his head with his stick. Two correctional

officers, Officer Chapman and Officer Comfort, joined Sergeant Howarth and began hitting, punching, and kicking plaintiff. Plaintiff claims that he lay bleeding on the floor, begging them to stop. According to plaintiff, Nurse Danny did not adequately treat plaintiff's injuries following the assault, despite his head injury and broken ribs. He allegedly had to wait two days before receiving bandages or diagnosis.

Additionally, plaintiff claims that his watch disappeared during the assault, and that defendants attached his gold and diamond ring and his earring to a razor in order to confiscate them as a part of a "weapon." As result, he could not have his personal items in his possession and he was prosecuted for prison contraband. Plaintiff claims that the disciplinary hearing was conducted in retaliation for his complaints regarding the assault and stolen property.

In his second claim, plaintiff alleges that he has been consistently denied medical treatment throughout his time in custody. As a result of this neglect, plaintiff alleges that he now suffers serious life threatening conditions. He states that he suffered pain in the groin area for over a year without being seen. When he was finally examined, the hospital staff improperly conducted the tests, which caused his urethra to rupture and bleed continuously. Further, he claims that his teeth were neglected to the point that surgery became necessary. When his teeth were finally evaluated, he asserts that extraction of the tooth was the only option offered, rather than root canal work.

Plaintiff is seeking monetary damages for the alleged violations.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed

*in forma pauperis.* Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). A prerequisite for liability under § 1983 is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Based on the review of the complaint, plaintiff's claims against named defendant Sergeant Howarth, and additional defendants[1] Officer Chapman and Officer Comfort, are sufficient to go forward. For the reasons discussed below, the remaining claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) unless plaintiff files an amended complaint as directed below.

_____

[1]Plaintiff does not include Officers Chapman and Comfort in the heading of the complaint or in the defendants' information section, but names them in the introduction of the first claim. The Court deems these defendants to be named in the complaint, and directs the Clerk of the Court to amend the caption to reflect the addition of these defendants.

3

Throughout the complaint, several of plaintiff's allegations fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and fail to establish the personal involvement of several of the defendants. "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." 2A Moore's Federal Practice P 8.13, at 8- 58 (2d ed. 1994); *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995); *Salahuddin v. Cuomo*, 861 F.2d at 42.

Plaintiff names Commissioner Goord, the Albany Medical Center and the Office of Mental Health as defendants in this action, but has not provided sufficient allegations to establish personal involvement of these defendants. The bare fact that the defendant occupies a high position in the New York State prison hierarchy is insufficient to sustain a plaintiff's claim. *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). Involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or

4

(4) was grossly negligent in supervising subordinates who
caused the violation.

*Sealey v. Giltner*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d at 323-24).

Here, plaintiff does not allege that Commissioner Goord was directly involved or indirectly aware of the alleged violations. With respect to the Office of Mental Health and the Albany Medical Center, and, to the extent that plaintiff names it, the Department of Correctional Services (DOCS) Medical Department, plaintiff does not specify particular involvement of these groups. For example, in the first claim, plaintiff discusses the actions of Nurse Danny, but unlike Officers Comfort and Chapman, plaintiff does not name Nurse Danny as a defendant in this claim. Instead, plaintiff lists the DOCS Medical Department without explaining how the actions of Nurse Danny implicate the entire Department.

Similarly, in the second claim, plaintiff lists DOCS medical staff, Commissioner Goord, DOCS Dentist, and the Albany Medical Center and Hospital as the defendants involved. The designations of these defendants are overly broad, and the allegations do not provide a basis for establishing personal involvement. The Office of Mental Health is not implicated in any of the allegations, and the other named organizations are neither clearly identified nor adequately alleged to be involved.

In short, the complaint is far too conclusory and the allegations are too general to provide adequate notice of the claim to any defendants other than Sergeant Howarth and Officers Chapman and Comfort. Thus, these claims are subject to *sua sponte* dismissal. *Sealey v. Giltner*, 116 F.3d at 51; *see Neitzke v. Williams*, 490 U.S. 319, 323 n. 2 (1989). Where a *pro se* pleading fail to meet the requirements of the federal rules, however, the Court "should generally give the plaintiff leave to amend ... especially ... when the

5

complaint states a claim that is on its face nonfrivolous," *Simmons*, 49 F.3d at 86-87;

*Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant

unfamiliar with the requirements of the legal system may be sufficient at least to permit the

plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to

amend "shall be freely given when justice so requires").

Accordingly, the Court will permit plaintiff to file an amended complaint in which the

necessary allegations regarding this issue are included.   Plaintiff is advised that an

amended complaint is intended to **completely replace** the prior complaint in the action,

and thus it "renders [any prior complaint] of no legal effect."  *International Controls Corp.*

*v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25

F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all

of the allegations against Sergeant Howarth and Officers Chapman and Comfrort, in

addition to his amended allegations against the additional defendants so that the amended

complaint may stand alone as the sole complaint in this action which the defendants must

answer.

In amending, plaintiff must provide specific details to support each of his claims

against particular defendants.  As to the first claim, in addition to restating his allegations

against Sergeant Horwath and Officers Chapman and Comfort, plaintiff needs to expand

his allegations if he intends to raise additional claims.  For example, if plaintiff intends to

raise a denial of medical attention claim with respect to any denial of treatment following

the alleged assault, plaintiff needs to identify the defendant personally involved, whether

Nurse Danny or some other person or group.  Additionally, he needs to support such a

6

claim with facts indicating that the defendant was deliberately indifferent to his medical need. To set forth an Eighth Amendment claim of denial of medical care, plaintiff must provide facts alleging that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

To the extent that plaintiff intends to bring a retaliation claim, plaintiff needs to provide additional information regarding his complaints and the timing of the subsequent disciplinary proceeding. To make out a § 1983 retaliation claim, an inmate must show: (1) that he was engaged in constitutionally protected conduct; and (2) that the prison official's conduct was taken in retaliation for the inmate's protected conduct. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). Again, plaintiff must identify the particular defendants involved, and support the claim with facts.

As to plaintiff's allegations regarding his loss of personal property, plaintiff is advised to consider whether he should pursue a federal claim on these facts or to pursue this issue in state court, because any constitutional claims regarding the taking of his property are likely to be subject to dismissal. Assuming that plaintiff was deprived of property within the meaning of the Fourteenth Amendment, the deprivation was not without due process of law because New York provides an adequate post-deprivation remedy. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). Therefore, his claim that defendants took his property in violation of the Fourteenth Amendment would be dismissed. Further, plaintiff is advised that, to the extent that he includes claims based solely on state law, the Court, in its discretion, may or may not exercise pendent jurisdiction over the state claims. *United Mine*

7

*Worker of America v. Gibbs*, 383 U.S. 715, 727 (1966); *Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir. 1984).

In amending the second claim, plaintiff should provide actual dates or ranges of dates, rather than to simply allege that a violation has occurred "since I entered the N.Y.S. DOCS services. Moreover, plaintiff should clearly state each of his medical needs, identify who was made aware of the medical need, what they did or did not do with respect to the medical need, and what injury he suffered as a result. *See Estelle v. Gamble*, 429 U.S. 97; *see also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, several of plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **December 14, 2005** in which he includes the necessary allegations regarding claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

If plaintiff fails to file an amended complaint as directed, plaintiff's excessive force claims against Sergeant Horwath, Officer Chapman and Officer Comfort will go forward, but the remaining claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Commissioner Goord, the Office of Mental Health and the Albany Medical Center will be terminated as defendants. In other words, unless plaintiff amends the

complaint as directed, only service of the excessive force claim will be made on Sergeant Horwath, Officer Chapman and Officer Comfort.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk of the Court is directed to amend the caption to include Officer Chapman and Officer Comfort as defendants;

FURTHER, that plaintiff is granted leave to file an amended complaint *only* as directed above by **December 14, 2005** ;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **December 14, 2005**, plaintiff's excessive force claims against Sergeant Horwath, Officer Chapman and Officer Comfort will go forward, and the remaining claims are dismissed with prejudice without further order of the Court, and the Clerk of the Court shall terminate defendants Commissioner Goord, the Office of Mental Health and the Albany Medical Center as parties to this action;

FURTHER, that in the event plaintiff has failed to file an amended complaint by **December 14, 2005**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Sergeant

Horwath, Officer Chapman and Officer Comfort, without plaintiff's payment therefor, unpaid

fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to

answer the complaint.

SO ORDERED.

Dated:        Nov. 18        , 2005
              Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge