UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRYL GILLIAM,

                              Plaintiff,

                                                                                                   <u>DECISION AND ORDER</u>

                                                                                                   05-CV-6429L

                        v.

COMMISSIONER GLENN S. GOORD,
et al.,

                              Defendants.
_____

      Plaintiff, Darryl Gilliam, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was commenced was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants, who at all relevant times were employed by DOCS, have violated his rights under the United States Constitution.

      Defendants have moved for summary judgment. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

      Although the docket sheet in this case reflects that on April 3, 2008, the Clerk's Office received a telephone call from plaintiff updating his address to a street address in Yonkers, New

York, it does not appear that plaintiff has communicated with the Court since then.[1]  As stated, he has not submitted any response to defendants' motion, which was filed on April 15, 2008.

Rule 56(e) of the Federal Rules of Civil Procedure provides that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or *339 as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion.  *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2$^d$ Cir.1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #29) and the Court's scheduling order (Dkt. #33) both gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion of summary judgment.  There is no question that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to defendants' arguments and

---

[1] The DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released from custody on January 22, 2008.

factual allegations.[2]  Since plaintiff has not done so, the Court may accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Defendants' Motion**

**A. Failure to Exhaust Administrative Remedies**

Defendants contend that the complaint should be dismissed based on plaintiff's failure to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

There are three stages to the DOCS grievance process.  "First, a grievance is filed with the Inmate Grievance Resolution Committee ('IGRC').  Next, an inmate may appeal an adverse decision to the prison superintendent.  Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ('CORC')." *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006).

In the case at bar, defendants assert that plaintiff "did not commence nor exhaust his administrative remedies as to his excessive use of force claim ... ." Defendants' Rule 56 Statement (Dkt. #31) ¶ 7. In support of that assertion, defendants have submitted a copy of plaintiff's grievance

---

[2]Someone representing himself to be plaintiff telephoned Chambers on June 16, 2008, requesting more time to respond.  He was advised to send a letter to the Court with such a request.  No such letter was ever filed and plaintiff has not responded to the motion, although he has had several months within which to do so.

history, which indicates only that he filed a grievance concerning medical treatment in March 2005. Dkt. #32 Ex. A.

As stated, plaintiff has not denied, or even responded to, that allegation. Although he stated in his complaint that he grieved his excessive-force claim, and that the result was that "[t]he Dept. back[ed] its officers," *see* Dkt. #9 at 6, at the summary judgment stage plaintiff "may not rest upon the mere allegations" of his complaint, but must demonstrate, "by affidavits or as otherwise provided in [Rule 56] ... that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff has not done so. I therefore accept the truth of defendants' allegations in this regard, and conclude that plaintiff's excessive-force claim must be dismissed for failure to comply with the PLRA's exhaustion requirement.

**B. Claims Against Defendant Goord**

In addition to his excessive-force claim, plaintiff has asserted a claim that he was denied proper medical care, in violation of his rights under the Eighth Amendment. The only defendant named as to that claim, however, is Glenn Goord, who at the time of the relevant events was the Commissioner of DOCS.[3]

This claim must be dismissed for lack of personal involvement on Goord's part. A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d

---

[3]The amended complaint also asserts this claim against a nurse identified only as "Danny," but "Danny" has never been served or appeared in this action.

Cir. 2001). That requirement may be satisfied by alleging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

In the case at bar, the complaint alleges that plaintiff wrote to Goord "concerning all the various medical or unfair issues [plaintiff has] suffered from. Yet he's done nothing!" Dkt. #9 at 8. "Numerous courts have held that merely writing a letter of complaint does not provide personal involvement necessary to maintain a § 1983 claim," however. *Candelaria v. Higley*, No. 04-CV-277, 2008 WL 478408, at *2 (W.D.N.Y. Feb. 19, 2008) (citing cases); *see also Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability"). Indeed, "if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose *respondeat superior* liability." *Walker v. Pataro*, No. 99CIV.4607, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002).

\

**CONCLUSION**

Defendants' motion for summary judgment (Dkt. #29) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 8, 2008.